UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMARR JUAN KUILAN,<br><br>    Plaintiff,<br><br>v.<br><br>RUTHERFORD COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant. | Case No. 3:16-cv-01126<br><br>Visiting Chief Judge Denise Page Hood<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Denise Page Hood, Visiting Chief Judge

## **REPORT AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge for report and recommendation on all dispositive motions. (Doc. No. 9, PageID# 55.) Now pending is a motion to dismiss filed by Defendant Rutherford County Sheriff's Department (RCSD). (Doc. No. 16.) Plaintiff Jamarr Juan Kuilan has not responded to the motion. For the following reasons, the Magistrate Judge RECOMMENDS that the RCSD's motion to dismiss be GRANTED IN PART and Kuilan's remaining claim DISMISSED WITHOUT PREJUDICE.

**I.    Factual and Procedural History[1]**

Kuilan alleges that, at the time this lawsuit was filed on June 2, 2016, he had been wrongfully held by the RCSD as a pretrial detainee for seventeen months. (Doc. No. 1, PageID#

---

[1] The facts in this section come from Kuilan's complaint. (Doc. No. 1.) Kuilan filed a document entitled "Prisoner Civil Rights" on June 9, 2016, which provides a slightly more detailed version of the allegations in his complaint and to which Kuilan appended supporting "evidence." (Doc. No. 5.) In its screening, the Court considered only Kuilan's original complaint, which remains the operative pleading.

7.) Although the nature of Kuilan's criminal charge is not clear from his complaint, Kuilan believes that it violates his constitutional rights. He claims that the detective in his case "violated police procedure" when he "obtained an unlawful wire[]tap on [Kuilan's] phone" and that Officer Christopher Phillips harassed Kuilan's guests as they were leaving Kuilan's house, "forc[ing] them into giving false statements to the [Tennessee Bureau of Investigation (TBI)]" that were used to charge Kuilan. (*Id.*) Kuilan also believes that Phillips "planted evidence" to make Kuilan the target of the TBI's investigation. (*Id.*) That investigation led to Kuilan's indictment by the grand jury of the 16th Judicial District Circuit Court which, to Kuilan, was unsurprising given his assessment of Rutherford County's alleged "100% indictment . . . rate" and the "corrupt[ion] and manipulat[ion]" of the process. (*Id.*)

Kuilan alleges that, once he was in detention, his rights continued to be violated. Kuilan states that the water in his cell stopped working and was not fixed for six months. (*Id.* at PageID# 6.) Correctional officers "instructed [Kuilan] to fill a bowl during recreation time, and take it back to [his] cell to drink out of and [use for] hand sanitation." (*Id.*) Kuilan also claims that the RCSD checked "his outgoing legal mail [that was] clearly marked to legal addresses" and that such a practice "violates [his] right to secure, unrestricted access to the Courts." (*Id.*) Although Kuilan was represented by a court-appointed attorney in the underlying criminal prosecution, Kuilan alleges that her incompetence allowed his "due process rights to be violated;" at the time the complaint was filed, Kuilan had been in jail for seventeen months without being "in front of a judge," giving the prosecution plenty of time "to build [its] case." (*Id.*)

Although Kuilan's complaint asserts claims under 42 U.S.C. § 1983 against the RCSD, the Murfreesboro Police Department, his defense attorney Heather G. Parker, Correctional Officer Brian Noel, Detective Philips, and the 16th Judicial District Circuit Court, (*id.* at PageID# 2, 4),

2

the Court dismissed all claims against those defendants in screening Kuilan's complaint under the Prison Litigation Reform Act. (Doc. No. 8, PageID# 51.) However, affording the complaint a "liberal construction," the Court found that Kuilan had stated a First Amendment claim against Rutherford County by alleging that county employees were regularly reading his legal mail. (*Id.* at PageID# 48.) In a subsequent order, the Court granted Kuilan's application to proceed in forma pauperis and dismissed Kuilan's claims against all defendants other than Rutherford County with prejudice. (Doc. No. 9, PageID# 55.) The Court instructed the Clerk's Office to send Kuilan a service packet "for the remaining defendant, Rutherford County, Tennessee," and ordered Kuilan to complete and return it within twenty-eight days of receiving it. (*Id.*) Kuilan was "forewarned that his prosecution of this action [would] be jeopardized if he should fail to keep the Clerk's Office informed of his current address." (*Id.*)

Kuilan did not complete a service packet for Rutherford County and, on October 20, 2017, the Court ordered him to show cause within thirty days why his case should not be dismissed for failure to prosecute. (Doc. No. 13.) Kuilan was warned that "failure to respond may be construed as Kuilan's agreement that he has failed to prosecute this action and may result in the recommendation that the case be dismissed with prejudice." (Doc. No. 13, PageID# 61.) The show-cause order was returned to the Court on November 1, 2017, with the notation "insufficient address, unable to forward." (Doc. No. 14.) The order was mailed to the address provided by Kuilan in his complaint and at which he had previously received the Court's orders. (Doc. Nos. 1, 11.)

The RCSD filed the pending motion to dismiss under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) on February 23, 2018, arguing that dismissal of the remaining claim against it is appropriate because (1) Kuilan failed to effect service of process within ninety

3

days of filing his complaint in violation of Rule 4(m), (2) Kulian's claim is barred by the statute of limitations, and (3) Kuilan has failed to comply with the Court's orders. (Doc. No. 17, PageID# 69.) Kuilan has not responded in opposition to that motion or taken any action in this lawsuit since he filed his application to proceed in forma pauperis on June 16, 2016. (Doc. No. 6.)

## II. Legal Standard

### A. Rule 12(b)(5)

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs." *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'") (quoting *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992)). Without personal jurisdiction being properly established, a court cannot exercise its authority consistent with due process of law. *Friedman*, 929 F.2d at 1156.

Rule 4(c) provides that "[a] summons must be served with a copy of the complaint" on every defendant and that such service must occur within the time allowed by Rule 4(m), which is ninety days from the date the complaint is filed. Fed. R. Civ. P. 4(c), 4(m). However, if the plaintiff can show good cause for failing to effect service within the period allowed by Rule 4(m), the court

"must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 6(b)(1) (allowing extension of procedural deadlines for good cause). Even when a plaintiff has not shown good cause, the court may exercise its discretion to permit late service. *See* Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *see also Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. United States* 517 U.S. 654, 662 (1996)); *Overbay v. Israel*, No. 2:16-CV-00337-TAV, 2017 WL 1377374, at *3–5 (E.D. Tenn. Mar. 24, 2017); *Dunham-Kiely v. United States*, No. 3:08-CV-114, 2010 WL 1882119, at *4–5 (E.D. Tenn. May 11, 2010).

A defendant may move to dismiss a complaint for insufficient process under Rule 12(b)(4), or for insufficient service of process under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(4), 12(b)(5). The difference between those grounds "is not always clear, nor always observed," *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (quoting *United States v. Hafner*, 421 F.Supp.2d 1220, 1222 n.3 (D.N.D. 2006)). A 12(b)(4) motion concerns "the form of process"—*i.e.*, the content of the summons—while a 12(b)(5) motion challenges "the manner or method of [its, or the complaint's,] service." *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009); *see also Phillips v. Tenn. Hotel Supply*, No. 1:04-CV-353, 2006 WL 897985, at *1 (E.D. Tenn. Apr. 4, 2006) (explaining that, "[t]echnically, . . . a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons") (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)). Because the RCSD's motion focuses on Kuilan's failure to comply with Rule 4(m), it

is more aptly characterized as an attack on the manner of service under Rule 12(b)(5) and will be treated as such. *See Thomas v. Navient Sols., Inc.*, No. 2:17-CV-12232, 2018 WL 3141946, at *2 (E.D. Mich. June 27, 2018); *see also Buck Mountain Cmty. Org.*, 629 F. Supp. 2d at 792 n.5.

**B. Rule 41(b)**

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Courts also retain their inherent power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (holding that "[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. 626). Consistent with *Link*, this Court's Local Rule 41.01 requires sua sponte dismissal of "a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b)

6

constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

## III. Analysis

The procedural posture of the RCSD's motion to dismiss is unusual. The Court dismissed all claims against the RCSD with prejudice in its screening order, but found that Kuilan's First Amendment claim against Rutherford County should proceed. The RCSD was not terminated as a defendant, and has apparently assumed defense on behalf of Rutherford County, although it does not state that it has brought the motion to dismiss on the County's behalf. (Doc. No. 17, PageID# 67.)

To the extent that the RCSD's motion to dismiss seeks dismissal of the claims against it, that motion is moot, as all claims against the RCSD have already been dismissed. (Doc. No. 9, PageID# 55.) However, to the extent that the RCSD has brought the motion to dismiss on behalf of Rutherford County, the motion should be granted because Kuilan has failed to effect service of process against the County and has failed to prosecute this action and comply with the Court's orders. *See Snyder v. Miller*, No. 1:05CV809, 2007 WL 773400, at *3 (W.D. Mich. Mar. 9, 2007) (explaining that, "[g]iven the close relationship that exists between the Sheriff's Department and the County," it was in the "interest of judicial economy to address the arguments raised [on behalf of the County] in the Sheriff Department's [motion for summary judgment]"). Because dismissal

7

is appropriate on those grounds, the Court need not reach the RCSD's statute of limitations argument.

### A. Insufficient Service

Despite the Court's instruction, Kuilan never completed and returned a service packet for Rutherford County. (Doc. No. 17, PageID# 67–68.) As his complaint was filed on June 6, 2016, Rule 4(m)'s 90-day service window has long been closed. Fed. R. Civ. P. 4(m). Dismissal of Kuilan's complaint is therefore appropriate unless Kuilan can show good cause for his failure to effect service of process or the Court exercises its discretion to permit untimely service. Because Kuilan has not filed anything to rebut the RCSD's argument that his complaint should be dismissed, he has failed to show good cause.

Kuilan's absence from the prosecution of his case also provides no basis for the Court to extend the time for service without his having made that showing. *See Mann v. Castiel*, 729 F. Supp. 2d 191, 199 (D.D.C. 2010) (holding that there was no reason to further extend the time for service under Rule 4(m) where the plaintiffs had squandered the "ample notice and opportunity" they had been given to remedy their noncompliance and had "not even bother[ed] to respond" to defendants' motion to dismiss for insufficient service), *aff'd*, *Mann v. Castiel*, 681 F.3d 368 (D.C. Cir. 2012)). By ignoring the RCSD's motion to dismiss, Kuilan has agreed that he does not oppose it. M.D. Tenn. Rule 7.01(b) (response to motions); *see also Mann*, 729 F. Supp. 2d at 199 (noting, in light of a similar local rule, that plaintiffs' failure to respond to defendants' motion to dismiss for insufficient service was "a dispositive oversight in itself"). It would be inappropriate for the Court to exercise its discretion to extend the time for service in the absence of any indication from Kuilan that he intends to continue to prosecute this lawsuit. Because Kuilan failed to comply with

Rule 4(m), the RCSD's motion to dismiss under Rule 12(b)(5) should be granted and Kuilan's claim against Rutherford County dismissed without prejudice.

## B. Failure to Prosecute

Dismissal of this action is also appropriate under Rule 41(b) and Local Rule 41.01. Although there is no evidence that Kuilan's failure to prosecute his lawsuit was motivated by bad faith, he is "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb. 8, 2017). The Court warned Kuilan early on that his prosecution of this action would be jeopardized if he failed to keep the Court apprised of a current address. (Doc. No. 9, PageID# 53.) Although it appears that Kuilan is no longer incarcerated by the RCSD, he never notified the Court that his address changed. Nor did he respond to the October 20, 2017 show-cause order that warned him failure to do so could result in the dismissal of his lawsuit. (Doc. No. 13.)

The Court is mindful that it appears Kuilan did not receive a service copy of the show cause order. (Doc. No. 14.) That fact, however, does not save Kuilan's action. It is Kuilan's responsibility to prosecute this lawsuit, and his failure to file anything since January 2016 indicates that he has likely lost interest in it.

The "less-drastic" sanction of dismissal without prejudice is available, and it is appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). This Court's Local Rules strike the same balance, providing

that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. Rule 41.01. Dismissal without prejudice best addresses all of the interests of this litigation.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge RECOMMENDS that the RCSD's motion BE GRANTED IN PART and Kuilan's claim against Rutherford County DISMISSED WITHOUT PREJUDICE. To the extent that the RCSD seeks dismissal of claims against it, the motion to dismiss should be DENIED AS MOOT because those claims have already been dismissed with prejudice. However, to the extent that the RCSD has brought the motion to dismiss on behalf of Rutherford County, that motion should be GRANTED for the reasons offered above. *See Konstantelos v. Ploehn*, No. CV 09-6476-GHK CW, 2011 WL 651435, at *11 (C.D. Cal. Feb. 11, 2011) (denying as moot motion to dismiss as to already dismissed defendants but granting it as to other defendants).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 8th day of August, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge